## BULLIS VS. BORDEN.

*Statute of Frauds: R. S., ch.* 107, *sec.* 5.

1. The presumption of fraud raised by the statute (sec. 5, ch. 107, R. S.) in case of a sale of chattels not accompanied by an immediate delivery, &c., may be rebutted. *Livingston vs. Littell,* 15 Wis., 221, approved.

2. The rebutting evidence in this case, *held* to be sufficient, showing that the vendee purchased in good faith, paying not only a *valuable* but an *adequate* consideration, and also showing a satisfactory reason for leaving the goods in the vendor's possession.

APPEAL from the Circuit Court for *Rock* County.

Replevin, for five "horse-shoeing rasps." Defendant claimed to own them as a part of a stock of goods purchased by him from one Hallock, in June, 1865. The cause was first tried in a justice's court, by a jury. The plaintiff testified that some time in the previous March, he bought of Hallock some horse shoes, and then had some conversation with him about buying six rasps. Afterwards he caused one of them to be brought to him as a sample, promising, if he liked it, to buy them all. About the 1st of June, Hallock came to his shop, in West Milton, and wanted to sell him the rasps, and plaintiff agreed to take them at $10 and pay him a note for $16 on a third party, the balance to be credited to him on his account for the horse shoes. He considered the purchase complete at that time; was to call and get those remaining at the store at any time he chose to do so; did not see them again until after Hallock sold out to plaintiff; went after them about the middle of June, &c.

Mr. Hallock, for the plaintiff, testified that some time in May plaintiff sent to him for one of the rasps, saying that if they suited he would take them. As to the actual sale in June, his testimony was similar to that of the plaintiff. There was conflicting testimony as to whether Hallock had mentioned said rasps to *Borden* as among the articles to be reserved, before executing the bill of sale of the stock. They were not among the reserved articles specified in the bill.

Verdict and judgment for defendant. Plaintiff appealed to the circuit court, where the cause was tried upon the original papers and return of the justice.

The court found that the sale to the plaintiff was made in good faith, and rendered judgment in his favor; from which the defendant appealed.

*J. B. Cassoday*, for appellant, cited sec. 5, ch. 107, R. S.; *Twyne's case*, Smith's L. C., 44–65, and cases there cited; 1 Parsons on Con. (5th ed.), Bk. 3, ch. 4, sec. 5; 2 Kent's Comm. (8th ed.), 676–700 (515–32); *Butler v. Van Wyck*, 1 Hill, 440–466; *Beekman v. Bond*, 19 Wend., 445–6; *Stevens v. Fisher*, id., 183; *Jennings v. Carter*, 2 id., 446; *Divver v. McLaughlin*, id., 599; *Randall v. Cook*, 17 id., 55–7; *Thompson v. Blanchard*, 4 Coms., 309; Cow. & H.'s notes to Phil. Ev., 30, 200; *Gleason v. Day*, 9 Wis., 498; *Menzies v. Dodd*, 19 id., 343. 2. Counsel also argued that in reviewing the questions of fact passed upon by the verdict of the jury in justice's court, the circuit court was merely to determine whether there was *any* evidence to sustain the verdict.

*Chas. G. Williams*, for respondent, cited *Smith v. Acker*, 23 Wend., 653; *Butler v. Van Wyck*, 1 Hill, 438; *Gleason v. Day*, 9 Wis., 498.

DIXON, C. J. It was observed by the court in *Livingston v. Littell*, 15 Wis., 221, that the right to rebut the legal presumption of fraud in cases like this, seems very clear from the lan-

guage of the statute (R. S., ch. 107, sec. 5), and was established by the court of errors in New York, in its celebrated controversy with the supreme court upon that subject. This court is of the same opinion still; and the only question is as to the degree and kind of proof required in such cases. We think the proof submitted by the plaintiff was sufficient for that purpose. He proved that he purchased in good faith, and paid not only a valuable but an adequate consideration. He also explained why the rasps were left in the possession of the vendor, Hallock. The sale was made at the plaintiff's blacksmith shop, whilst the rasps were at another place—at Hallock's store. They were to remain at the store until it became convenient for the plaintiff to call and get them. This sufficiently explains why the goods were not delivered at the time of sale.

*By the Court.*—The judgment of the circuit court is affirmed.